James A. Sheffield and William E. Sheffield v. Alexander R. Linn and William F. Linn.

*Contract—For sale of shingles on commission—Sale to be made for best price that could be obtained—And proceeds sent to consignors in cash—Held not to warrant a sale on credit—Ratification—Where facts on which it is claimed are submitted to a jury—Under proper instructions—Finding conclusive.*

1. Plaintiffs wrote defendants asking if they could sell a car-load of sixteen inch Star shingles, and, if so, the probable price, and defendants replied that they would sell the shingles for the best price they could, and send plaintiffs the proceeds *in cash.* The shingles were shipped, and sold by defendants on sixty-day paper, which they discounted, and sent proceeds to plaintiffs, with an account of sale, retaining their commission. Defendants were obliged to pay the note, having indorsed same, and retained the amount so paid from the proceeds of a subsequent consignment of shingles.

   *Held,* in a suit brought to recover the value of the shingles, that the contract contained in the letters was one which required defendants to sell the shingles for *cash.*

2. Where the facts upon which a ratification of a sale on credit is claimed are *all* submitted to the jury under *proper* instructions, their finding will not be disturbed in the appellate Court.

Error to superior court of Detroit. (Chipman, J.) Argued June 17, 1886. Decided June 24, 1886.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellants.

*Lillibridge & Latham,* for plaintiffs.

SHERWOOD, J. This suit is an action in assumpsit, upon the common counts, brought to recover the value of a carload of shingles.

Defendants pleaded the general issue, and gave notice of set-off.

The cause was tried in the superior court of Detroit, by

jury, before Judge Chipman, and the plaintiffs obtained a verdict for $130.72.

If the plaintiffs were entitled to recover, the amount was agreed upon by the parties.

The shingles were furnished by the plaintiffs to the defendants under the contract contained in the following letters :

" VESTABURGH, MICH., May 5, 1885.

"*A. R. & W. F. Linn, Detroit, Mich.*—SIRS :  Can you sell a car-load of 16 in. Star shingles ?  If you can, what would be the probable price ?  We are sure that we can work up quite a shingle trade, if you can sell them for us.

" Yours respectfully,          J. A. SHEFFIELD & SON."

" DETROIT, May 6, 1885.

" *Messrs. J. A. Sheffield & Son*—GENTLEMEN :  Yours received.  We will sell your Star shingles for the best price we can.  Will charge you 5 per cent., and send you the proceeds in cash.  We hope you have shipped the C. B.'s ordered.          Truly Yours,

" A. R. & W. F. LINN."

The defendants, on receipt of the car-load of shingles, sold the same to one Lockwood, and took his note therefor, payable in sixty days.  This note was discounted, as defendants claim, at the request of plaintiffs, and the proceeds sent to the latter, with an account of sale.  Afterwards, and before the note became due, Lockwood failed, and defendants were obliged to pay the note.  The defendants retained the pro_ ceeds of a subsequent consignment of shingles to reimburse themselves for the amount of the note paid by them.

On the trial the court charged the jury that the contract contained in the two letters was one which required the defendants to sell the shingles for cash, and cash only.  This portion of the charge was excepted to by counsel for defendants, and raises the only question needing consideration in the case.

We think the court committed no error in so charging.

It is further claimed by defendants' counsel that, even though the contract required the sale to be made for cash, yet the sale actually made was ratified by plaintiffs in what

was subsequently said and done by them, and therefore the plaintiffs should not be allowed to recover.

The facts upon which the ratification was claimed were all submitted to the jury under the charge of the court, and they found against the defendants. This finding we cannot disturb.

The other errors assigned we think cannot be sustained. The judgment must be affirmed.

The other Justices concurred.